appeal 23-2270 Flowers v. Kia Motors Finance and we'll begin. Mr. Pagel with you. Thank you. Thank you your honors. May it please the court we are here today on behalf of plaintiff appellant Angela Flowers to request that this court allow Miss Flowers the jury trial on both causes of action that we believe she should have received. In my opinion the facts of these cases might be somewhat convoluted. The application of those facts to the rules involved is very clear-cut because the rules involved are to my mind straightforward, unambiguous and easy to apply to these facts. I say this with a great deal of respect for District Judge Conley. I've practiced in front of him for many years. I think in this case he simply just made the wrong decision and that's why we want it reversed back. Going through the claims in the order they were made in the order in which Judge Conley had to deal with them, the first question from Judge Conley's opinion on the motions for judgment on pleadings and the motion for summary judgment was whether the appellant plaintiff Angela Flowers should be allowed to amend her complaint. There's a stipulation in this case from Kia Motors that allowed us to amend our complaint at any time up to seven days after the completion of the Kia Motors corporate representative deposition. That stipulation was made because Kia Motors asked us to adjourn the originally scheduled deposition that would have taken place within the time limits set in the scheduling order for the amendment of the pleadings. You can see Mr. Pickle how Judge Conley wouldn't want the stipulation to overcome the scheduling order otherwise even exclusive of this case it could become the subject of gamesmanship or make it more difficult for district court to handle their docket correct? I actually in this case I don't really see that in part because the rules allow this and in part because this stipulation didn't affect in any way the scheduling order that Judge Conley had issued for several reasons. First the original deadline for amendment of the pleadings in July was added or added in the scheduling order said after that rule 15 will govern amendments to the pleadings. Rule 15 allows amendments up to and after trial and so at any point the parties can agree under rule 15 to try an issue. They can do that expressly by written consent under rule 15 or they can just do it by the express consent or implied consent at trial and so in this case first we complied expressly with the scheduling order when we didn't amend our pleading by the time the initial deadline was set we proceeded under rule 15 with a written stipulation by the parties to allow amendment to the complaint. That written stipulation didn't affect the timing of anything else in this case. KIA still had advanced notice of the amended complaint with the proposed amendments in time to file a motion for summary judgment. Discovery was still available and was still ongoing and could have still been done. The trial was months off there was never a request to delay a filing deadline or extend a briefing schedule in any way and in fact when we filed our amended complaint we had not at that point actually completed the deposition of KIA's days if not weeks earlier. The only reason we filed the amended pleading is because in arguing that your case shouldn't be dismissed on a judgment on the pleadings I don't want to make a speculative argument that oh also we've got a bunch of extra claims that we might present to you down the line. So that is only fitting to supply Judge Conley with the amended pleading there but Judge Conley's ruling seems to assert that the court can overcome these straightforward rules and as we pointed out in our brief if a judge can always exercise their discretion to deny the amendment of a pleading then you could have a situation as I've hypothesized in the brief where we proceed on the original complaint Judge Conley say deny summary judgment and at trial we begin introducing evidence of the 2019 illegal repossession and KIA doesn't object to that so we've tried it by implied consent. If the jury then rules in our favor on that under rule 15 the pleadings have to be treated as though they were amended but under Judge Conley's interpretation if there's always a good cause or always a gatekeeper role Judge Conley could at that point say I'm not going to allow the post-facto amendment of the pleadings required by the rules even though it in no way affected the scheduling or the timing of the court. The parties tried that by consent and that's what happened here as KIA said we consent to you amending your provide you a full deposition of our corporate representative and in that sense it was fully within KIA's control as to the timing of when that amendment would be required. Well not fully because the parties were trying to stipulate to a date for the depo and that didn't occur for certain reasons the reasons were not completely in KIA's control. Well the reasons for not having a date for the deposition in the first instance in July were because KIA wanted to adjourn the I forget the exact reasons but it was KIA's reasoning for that when we tried to reschedule it at the end of August KIA asked for additional time because they were bringing in new counsel and so we granted them additional time to bring a new counsel and then when new counsel came aboard and had not contacted us we noticed a deposition to complete that deposition. At that deposition counsel conceded that KIA Motors had not provided us with a significant number of documents many of which related to the telephone logs in the case which were critical to the first part of the case the harassing conduct during the repossession and we agreed that the deposition would be adjourned until they provided us those so that we could reconvene the deposition if necessary to review those documents and compare those facts. So at all points KIA had the ability to say we'll go sit for the deposition and KIA if they if KIA felt we were delaying unduly even they requested those delays they could have insisted. Does your reasoning mean that the district court never has an ability to deny amendment and bring the case to not necessarily close but to the next step? No I think the district court has the ability to deny an amendment when rule 15 would allow the district court to deny the amendment so in many of the cases we said it in our brief for example the courts noted that because. I guess I should have been more specific in a case where the parties have this joint this agreement as they do here there's no point at which the district court can override that agreement. I don't believe they can no regardless of the reasons why the district court might want to overrule that I don't think rule 15 allows for that because rule 15 says you need the written consent of the other party or approval of the court and if the court can disapprove of the written consent of the other party then it's written consent and the approval of the court because even if the court didn't expressly approve your amendment after the written consent it would have tacitly approved if it didn't dismiss it and so in this case I don't think especially here but in any case where rule 15 is being complied with and does not expressly grant to the judge discretion to deny that amendment the judge doesn't have that discretion. Other examples would be under the first portion of rule 15 you can amend your pleading within 21 days of serving on the opposing party as a matter of course and the judge cannot deny that either so if in this case if for example we had served here and then said we better add in that 2019 claim even though we haven't deposed anyone if we did that on day 20 after service Judge Connolly could not have denied that amendment under rule 15. Mr. Pagel I'm at the appendix appellant 13 14 and 15 this is the stipulation it's dated July 25th 2022 signed by yourself and Mr. Murphy from Holland and Knife. Appellant 15 states pursuant to stipulation it is so ordered the signature block for the district court for the western district of Wisconsin and the date those are blank was the stipulation just never submitted to the court? The stipulation actually was submitted to the court it was adopted nunk-pro-tunk in I believe October by text only order. By Magistrate Crocker? I believe it was by Magistrate Crocker yes and then later Judge Connolly or Magistrate Crocker I cannot remember which I apologize I had said that they still retained the gatekeeper function even though they had adopted the stipulation or arguably had adopted the stipulation so I think even though we included the order in there I don't think the order was necessary I think the stipulation was self-effectuating. That you will preserve the remainder of your time? Yes. Thank you Mr. Pagel. Ms. Meier will now move to you for a argument on behalf of the appellate. May it please the court there are two main issues in front of this court today there's one that's procedural and you went through that substantially with plaintiff and then there's a second that's a substantive issue procedurally the district court properly denied plaintiff's motion to file an amended complaint and substantively the district court also properly granted Kia's motion for summary judgment essentially what this case boils down to is plaintiff seeking redress for her own failure of diligence you can see throughout the timeline that there was a lack of diligence from the beginning there were two defaults of the loan over the course of the loan that are at issue here that goes to diligence plaintiff failed to diligently initiate and serve Kia it took six months to effectuate service in this case plaintiff failed to diligently amend her complaint there is no question that plaintiff had every factual and legal basis regarding this 2019 repossession six months before the stipulation was or the first amended complaint was sought and well within the time of amending within a matter of course so plaintiff again failed to diligently a mentor complaint plaintiff failed to diligently defend against summary judgment and diligently conduct discovery now there was talk on plaintiff's end of how these deposition dates got scheduled and I just want to clear up for the court record 46 and its attachments show the back and forth between counsel and specifically Kia provided multiple dates for August of 2022 in which this deposition could occur and I think that there was a focus on this stipulation and while I believe it's a red herring for multiple reasons I do want to point out the entire language of the stipulation and what was omitted by plaintiff is that seven days after plaintiff deposes KMF's 30b6 corporate representative which the parties expect to complete in August 2022 and as the court knows the deposition did not happen in August of 2022 and you'll see also at record 46 there are a lot of depositions that just never happened and that's because plaintiff decided to postpone those depositions I want to turn my attention to a hypothetical no food before you do that if you make the stipulation at some point was accepted by the magistrate judge don't protonic and then later on either magistrate judge of the district judge and can't quite recall said well but I you know I have to take control I have to have control of the scheduling of matters what's the significance of that no protonic though is that an effective is there a judicial estoppel working there I mean the court except I don't believe so judge I think that the district court made clear in both of its text-only orders that yes they it is admitted that the parties entered into a stipulation but at no point did the district court say and the district court must accept this stipulation so I think that and to clarify for the record it was judge Crocker the second time who issued the the text-only order and then finally judge Conley is the one who ruled at summary judgment and who denied plaintiff's amended complaint looking at plaintiff's proposition that the district court has no control over its schedule plaintiff is looking at rule 15 in a vacuum it's very important that we understand that there are multiple cases Adams versus City of India Indianapolis Eliotta versus Town of Lisbon and Allen versus Brown advisory which allow and actually demand that the court consider rule 15 and rule 16 together rule 15 allows for amendment of pleadings and rule 16 of course allows the court to control its own schedule specifically rule 16 for states that a schedule may only be modified for good cause and with the judge's consent courts can consider the rules in any order they want to they do not have to look at 15 before rule 16 and here the district court properly looked at rule 16 and found that there was no good cause to allow this amended complaint I would like to touch briefly on the other issue as well which is the motion for summary judgment which the district court properly granted in Kia's favor again I go back to this diligence theme that I was harping on earlier there was no diligence and there is no evidence that ties Kia to plaintiff's sole remaining complaint at summary judgment this case started with with four claims against Kia for an incident that occurred sometime in November of 2020 plaintiff has never identified an actual date that this incident occurred the incident in question all we know is that plaintiff and her son got into her vehicle and a mystery truck for lack of a better term and I don't mean mystery as in Scooby-Doo where you can clearly identify the truck in fact all we know about this truck is that it was dark in color and there was a man driving it wearing a beanie which I is out on the roads but let me tell you what I what I see and then you tell me so just to to speed it up because we have only a few minutes left so as you say we know she's got her testimony that the tow truck chased her that day and we've got her testimony that Kia was attempting to repossess her car at the time okay then we've got Kia's representative Timothy Grant in his office and then we've got looks like some forms auto condition reports in the record showing that primaritist did contract with state-wide recovery at least in July 2021 then we've got some forms also their condition reports showing that Kia hired primaritist in state-wide recovery to repurpose repossess her vehicle in 2019 so we've got 2019 evidence in the record we've got 2021 evidence in the record we've got her testimony you don't disagree that circumstantial evidence is sufficient you know for a jury to decide an issue can a fact finder why can't a fact finder draw a reasonable inference from these facts that if Kia well Hyundai okay motor group was trying to repossess this car in 2019 and in 2020 and then she's got this issue in 2020 then 2020 a fact finder why can't a fact finder pull all that together as circumstantial evidence and infer thank you judge and I would just like to clarify there is no evidence that it was a tow truck just simply a truck that was present in the plaintiff's driveway so we're even further from connecting the dots plea of points to only two facts in support that there is circumstantial evidence here and it's the fact that there was this 2019 repossession and then the second is that after this alleged car chase which I would argue is more of two cars driving to the highway plaintiff called Kia the next day and asked is my car am I in default am I up for repossession and Kia said yes just because those two facts exist there is nothing to connect no I listed a third one we have the 2020 July 2021 auto condition report that connects Kia primarities statewide and even considering that fact judge the the dots are not connected simply because Kia contracts with primarities and statewide there's nothing in the record that shows that the truck or the driver of the truck was in any way connected with any of those entities and I think that that is what's Kia and statewide's relationship that was never pursued there were no questions asked about that there were no depositions taken about that so the evidence is not there and is completely lacking for the reasons that I previously stated we ask that you affirm the district court's decision thank you very much Ms. Meyer Mr. Pagel we'll move back to you now for rebuttal argument Mr. Pagel can I ask that you really pick up where we left off about what is in the summary judgment record that a jury could reasonably infer from I so I agree with your summary of the evidence first of all that would allow those inferences I would add the fact that this was far more in Ms. Flowers testimony than two cars driving to the highway Ms. Flowers testified that the truck blocked them from leaving the parking lot and then followed them through town at a high rate of speed sometimes as close as 12 to 18 inches behind her before they were able to lose it Ms. Flowers also testified that following that she called Kia the next day for the day after and accused them of harassing her and that Kia initially said her car was not out for repossession but then later in that call admitted that in fact it was out for repossession so while not directly admitting to her on the phone that they had someone chasing her around that night Kia did admit that as of the day she talked to them following that chase Kia had been seeking to repossess the vehicle and so to that again circumstantial evidence is allowable as well as direct evidence and in this case one of the things Ms. Flowers testified to is the other three cars in her parking lot there were three cars I'm sorry there was hers there was her mother's which was paid for and there was her neighbor's and she said she was aware that her neighbor's car was fully paid off too so you don't have a repair truck pulling up at two o'clock in the morning and chasing people through town and a jury would be allowed to consider whether there's any other reasonable explanation for a truck randomly picking out someone in the middle of the night and chasing them around town and why could not keep a jury from making that inference I don't think that's anywhere near the realm of the most likely inference given all the other facts so I mean we're never going to have a situation absent say video where it's absolutely proven and where both Kia and statewide would admit to this because even if Ms. Flowers had been able to identify the truck as statewide statewide is not going to come in and say yeah we chased her around town we harassed her I mean if they would do that that'd be great but in 24 years of repossession or video evidence so you're never going to have this direct evidence and even if statewide did that Kia would not acknowledge that statewide was acting on their behalf even though we have the contract showing that they hire a primaritist hire statewide so you are always going to have to and we have always had to prove these violations by a circumstantial evidence thank you very much Mr. Pagel thank you Ms. Meyer the case will be taken under advisement that does complete our oral arguments for today the court will stand in recess